**UNITED STATES COURT OF APPEALS**

<u>Filed 1/3/97</u>

**TENTH CIRCUIT**

---

ARTHUR CORDOVA, MICHAEL MC-
KEE, EDMUNDO HEREDIA,

      Plaintiffs-Appellants,

    v.

A.E. STALEY MANUFACTURING, an
Illinois corporation,

      Defendant-Appellee.

No. 95-1508
(D.C. No. 95-N-135)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **LOGAN** and **BRISCOE**, Circuit Judges.

---

Plaintiffs Arthur Cordova, Michael McKee and Edmundo Heredia appeal the

district court's grant of summary judgment against them on their claims alleging defen-

dant A.E. Staley Manufacturing (Staley or defendant) discharged them in retaliation for

filing workers' compensation claims. The only issue on appeal is whether the allegations

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

in plaintiffs' amended complaint alone were sufficient to make summary judgment improper.

Plaintiffs each suffered an on-the-job injury in the course of their employment. Each filed claims for workers' compensation benefits in 1992 or 1993,[1] and provided Staley with doctors' evaluations that restricted their work activities. Staley did not have work available consistent with those restrictions.[2] Plaintiffs received workers' compensation benefits and did not work for periods ranging from approximately ten to fifteen months before their termination.

Late in 1993 Staley began an investigation apparently after receiving information that made it suspect plaintiffs had recovered from their injuries sufficiently to return to work but had misrepresented their ability to work. Staley employed someone who videotaped each plaintiff performing tasks and engaging in physical activity inconsistent with the work releases they had provided to their employer. A Staley management employee then called each plaintiff to arrange an individual meeting. On January 5, 1995, after showing Cordova and McKee their videotapes, Staley terminated their employment for "misrepresenting their capacity [to] work." Appellants' App. 44. Heredia was also

---

[1] We summarize here the fact finding by the district court. This background is collateral to the issue determinative of the appeal and evidently supported by the district court record, much of which was not included in the record on appeal.

[2] Heredia and McKee contended that Staley did not sufficiently analyze the available work before concluding no jobs existed consistent with their work restrictions. The district court found to the contrary and that is not an issue on appeal.

terminated for the same reason and additionally because he refused to meet with management, allegedly because his son was not allowed to attend to act as an interpreter.

Plaintiffs filed suit alleging violations of the Americans with Disabilities Act and Age Discrimination in Employment Act. They later sent defendant a proposed amended complaint and tendered a copy to the district court, adding a claim of retaliatory discharge. They did not, however, file a motion seeking leave to amend their complaint until approximately three weeks later. Defendant moved for summary judgment on all charges in the proposed amended complaint. Shortly thereafter the district court granted plaintiffs' motion to amend their complaint. Plaintiffs then responded to defendant's summary judgment motion except as to the retaliatory discharge claim, stating it was not yet "at issue." Appellants' App. 33.

The district court granted summary judgment, finding that plaintiffs had failed to allege facts supporting the necessary elements of a retaliatory discharge claim and had presented no evidence that Staley terminated their employment because they received workers' compensation benefits.[3] We review de novo an order granting summary judgment, applying the same standard as the district court. FDIC v. Hastie (In re Hastie), 2 F.3d 1042, 1044 (10th Cir. 1993). Summary judgment is appropriate "if the pleadings,

---

[3] On plaintiffs' motion for reconsideration the district court held that summary judgment was appropriate despite the procedural anomaly that defendant moved for summary judgment on the retaliatory discharge claim before the district court granted plaintiffs' motion to amend their complaint adding those allegations.

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the burden of showing the "absence of evidence to support the nonmoving party's case." Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If "the moving party has met its burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact." Bacchus Indus., 939 F.2d at 891; Fed. R. Civ. P. 56(e). A party may not oppose a summary judgment motion "by reference only to its pleadings." Celotex Corp., 477 U.S. at 325 (referring to discussion of amendments to Rule 56(e)). The court should not weigh the evidence but determine whether "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).

Plaintiffs failed to respond to defendant's summary judgment motion on their retaliatory discharge claim stating that it was not "at issue." Plaintiffs contend their complaint has stated a prima facie case of retaliatory discharge and that is enough to entitle them to a jury decision on their case. Because plaintiffs had earlier provided defendant with a copy of the proposed amended complaint, defendant acted prudently in treating the retaliatory discharge claim in their summary judgment motion; that was particularly so in the face of a dispositive motion deadline from the district court. The

- 4 -

district court had granted plaintiffs' unopposed motion to amend, adding the retaliatory discharge claim, before plaintiffs responded to defendant's summary judgment motion. Further, plaintiffs already had moved for partial summary judgment on the retaliatory discharge claims which underscores their ability to file a timely response to defendant's motion. Under these circumstances we see no plausible explanation for plaintiffs' failure to discuss the retaliatory discharge issue when responding to defendant's motion. A party may not unilaterally determine to hold in abeyance a claim challenged for dismissal in a properly filed motion. "Where a movant has met the initial burden for a grant of summary judgment, the opposing party must either establish the existence of a triable issue of fact under Fed. R. Civ. P. 56(e) or explain why he cannot present facts to justify his opposition under Rule 56(f)." Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 832 (10th Cir. 1986). Plaintiffs appear to believe that simply alleging the three plaintiffs were on workers' compensation and were fired the same day makes a case for the jury on the retaliation issue. But they cannot stand on their pleadings alone. Fed. R. Civ. P. 56(e). Because plaintiffs did attempt to stand on their pleadings on the retaliatory judgment issue, the only one they appeal, we must affirm the district court's entry of summary judgment if defendant's presentation is sufficient by itself to justify the district court's conclusion.

Under Colorado law to establish a prima facie case of retaliatory discharge a plaintiff must present evidence "[1] that the employer . . . prohibited the employee from

- 5 -

. . . exercising an important job-related right or privilege; [2] that the action directed by the employer . . . would undermine a clearly expressed public policy relating to . . . the employee's right or privilege as a worker; and [3] that the employee was terminated <u>as the result of</u> refusing to perform the act directed by the employer," and [4] that the employer was aware that the employee, in refusing to comply with the employer's directives, had a good faith belief that the employee's actions were consistent with his statutory rights or privileges as a worker. <u>Martin Marietta Corp. v. Lorenz</u>, 823 P.2d 100, 109 (Colo. 1992) (describing prima facie case in context of retaliatory discharge for employee refusing to perform illegal act) (emphasis added).

Defendant's summary judgment motion pointed to the absence of evidence that it discharged plaintiffs as a result of plaintiffs' workers' compensation claims. Cordova was injured in October 1992, had surgery in May 1993, and provided Staley with a work release in June 1993 with a five-pound lifting restriction, and prohibiting twisting or bending. Supp. App. 57, 85, 99. Cordova admitted that as a consequence of participating in a work hardening program he was able to do more work than described in that release, but did not inform Staley of his improved condition. <u>Id.</u> at 54-58.

Heredia likewise was injured in March 1993, and provided Staley with a work release in June 1993 that restricted him to a three-hour work day, and prohibited lifting over ten pounds, bending or frequent stair climbing. <u>Id.</u> at 132-33. He admitted to eventually being able to do more than indicated on the work release, but failed to inform

Staley of his improved condition.  Id. at 133-39.  He acknowledged rototilling his garden and transporting firewood, and other vigorous activity.  Id. at 148, 163-65.  He stated in his deposition that he had no basis to challenge the defendant's stated reasons for his termination.  Id. at 148, 167.

McKee made similar admissions.  His early 1993 injury required surgery in May 1993.  He worked light duty until his surgery, but then had no contact with Staley until submitting a work release in December 1993 that prohibited lifting more than a hundred pounds, and running or jumping.  Id. at 193-95, 198-99.  McKee expressed concern to Staley about stair climbing and requested light duty at that time.  Id. at 204-06.  Defendant had no light duty available.  Id. at 214-15.  McKee's only reasons for believing his dismissal was retaliatory were the terminations in the instant case, id. at 238, and his belief that others with workers' compensation claims were fired for that reason.

Plaintiffs failed to meet their burden to come forward with evidence showing that there was a genuine issue of material fact on the causation element.  Therefore, the district court properly granted summary judgment in favor of defendant.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge

- 7 -